THE STATE OF KANSAS v. LEON REGARD AND SOPHIA REGARD.

No. 13,235. (70 Pac. 634.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE— *Cherokee County Act Construed.* Under section 5 of chapter 156, Laws of 1901, a justice of the peace, before whom one has been convicted of the commission of a misdemeanor, is required to designate whether an appeal taken from such conviction shall be to the district court "sitting at Columbus," or "sitting at Galena."

2. ——— *Indorsement of Witness on Complaint.* Permission to indorse a witness's name on a complaint in a criminal action is the exercise of discretion in the district court, and, where it does not appear that by so doing the court abused its discretion, it

will not be held to be error, even though the court violated its own rule in so doing.

3. ———— *Separation of Jurors.* It is not prejudicial error for the court to ask of the defendant in a criminal action, in the presence and hearing of the jury, if he has any objection to the jurors' separating for the purpose of going to their meals.

Error from Cherokee, district court; A. H. SKID-MORE, judge. Opinion filed November 8, 1902. Affirmed.

*A. A. Godard,* attorney-general, and *J. N. Dunbar,* county attorney, for The State.

*Charles Stephens,* for appellants.

The opinion of the court was delivered by

CUNNINGHAM, J.: Appellants were convicted before a justice of the peace of the city of Columbus, in Cherokee county, of keeping and maintaining a nuisance. They sought to appeal from such conviction to the district court of that county. Chapter 156, Laws of 1901 ( Gen. Stat. 1901, § 1949), provides for holding terms of the district court of that county both at Columbus and at Galena, and section 5 of the act provides that, in all appeals or proceedings in error from justices of the peace to the district court, the party taking such appeal or proceeding in error has a right to designate whether the same shall be to the court sitting at Columbus or sitting at Galena, and in all cases in which any person is required to enter into recognizance for his appearance before the district court, the officer taking such recognizance shall designate whether the person shall be recognized to the court sitting at Columbus or sitting at Galena. Appellants here claim that this was such an appeal as gave them the right to indicate whether it should go to Columbus or Galena.

Section 5826, General Statutes of 1901, provides that a defendant in a criminal action shall have the right to appeal from the judgment of a justice of the peace imposing a fine or imprisonment or both upon condition that he ''enter into a recognizance to the state of Kansas in a sum and with sureties to be fixed and approved by the justice before whom said proceedings were had.'' Now, as under section 5 of chapter 156, Laws of 1901, in cases where a recognizance is required to be given, the officer taking such recognizance must direct where such appeal shall be tried, and as this is a case where upon an appeal a recognizance is required to be given by the terms of section 5826, General Statutes of 1901, therefore, the justice did right in selecting the place where the case should go. While the language used in the first part of section 5 is that in all appeals the party appealing shall have the right to designate where his appeal shall be tried, the subsequent portion, as well as the context, indicates that civil appeals were meant, and not criminal ones.

Appellants further complain of the action of the district court in permitting the name of the probate judge to be indorsed upon the complaint during the progress of the trial, contrary to the rules of the court in relation to such matters. The evidence of the probate judge was merely formal and something that defendants might well expect to be introduced, the offering of which could nowise prejudice or surprise them. The rule of the trial court cannot be said to be a hard-and-fast one, or one the violation of which this court may hold to be an abuse of discretion.

After the court instructed the jury, the defendants were asked in the presence and hearing of the jury if they had any objection to the jurors' separating and

going to their meals.   It is insisted that this was error, for the reason that it tended to prejudice the jury against the defendants, as, if they should deny the request, the jurors would naturally feel injured and revengeful, and if they should grant the request, the jury might be exposed to adverse influences by their mingling with persons prejudiced against the defendants.    Appellants cite *State v. Parker*, 25 Wash. 405, 65 Pac. 776, in support of their contention.    The statutes of Washington do not permit the separation of a jury except by the consent of the defendant, and it was held in that case, under circumstances somewhat similar to that of the case at bar, that consent so given was not voluntary, and, hence, it was not the consent of the defendant.   No such provision is found in our statute, the whole matter relating to the conduct of the jury being left to the sound discretion of the court, without respect to the wishes of the parties.    We see no indication in the facts of this case that this discretion was not properly exercised.

The complaint charged that the nuisance was maintained in a one-story building, and it is insisted that the evidence shows that it was in a two-story building. The evidence does show that there were some attic rooms in the building, and perhaps it might have been well called a one-and-one-half-story building, but we see no material departure from the allegations of the complaint, even if we should say that it was essential to prove the building to be exactly such as was alleged in the complaint.   The identity of the building where the nuisance was shown to have been maintained with that charged in the complaint was fully established.

The judgment of the trial court will be affirmed.

All the Justices concurring.